**MORTGAGE RECOVERY LAW GROUP, LLP**
PAUL A. LEVIN (State Bar No. 229077)
LAUREN M. GIBBS (State Bar No. 251569)
550 North Brand Boulevard, Suite 1100
Glendale, California 91203
Telephone: (818) 630-7900 Facsimile: (818) 630-7920
e-mail: plevin@themrlg.com, lgibbs@themrlg.com

**FEDERAL DEPOSIT INSURANCE CORPORATION**
JOHN STUART TONKINSON (to seek admission pro hac vice)
3501 Fairfax Avenue, Room B-7052
Arlington, VA 22226
Telephone: (703) 562-2490
e-mail: jtonkinson@fdic.gov

Attorneys for Plaintiff Federal Deposit
Insurance Corporation as Receiver
for Washington Mutual Bank

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR WASHINGTON MUTUAL BANK,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN FINANCIAL NETWORK, INC., a California corporation,<br><br>Defendant. | Civil Action No.<br><br>**COMPLAINT FOR CONTRACTUAL INDEMNITY** |

COMPLAINT

# INTRODUCTION

1. Pursuant to written agreements, defendant American Financial Network, Inc. ("AFN") brokered mortgage loans for Washington Mutual Bank and/or its subsidiaries, including Long Beach Mortgage Company (collectively, "WaMu"). As part of their agreements, AFN promised to indemnify WaMu for any losses arising out of or relating to AFN's alleged acts or omissions in connection with the brokered loans.

2. After WaMu funded the loans from AFN, WaMu sold AFN-brokered loans into residential mortgage-backed securitized trusts ("RMBS Trusts") for which Deutsche Bank National Trust Company served as trustee ("Trustee"). The Trustee ultimately asserted claims that it suffered losses because of defective loans sold into the RMBS Trusts, including at least 17 mortgage loans brokered by AFN ("AFN Defective Loans").

3. Plaintiff Federal Deposit Insurance Corporation as Receiver for WaMu ("FDIC-R" or "Plaintiff") incurred losses settling the Trustee's claims. FDIC-R's losses arose out of or related to AFN's alleged acts or omissions in connection with the AFN Defective Loans including, *inter alia*, AFN's representation of and assistance to borrowers, and collection, preparation, and submission of loan applications and supporting material that misrepresented such things as the borrowers' employment status, income, or debt obligations.

4. FDIC-R demanded that AFN honor its written contractual indemnification obligation. Because AFN has not honored its obligations, FDIC-R brings this action as successor to WaMu's rights, titles, powers, and privileges.

## PARTIES, JURISDICTION, AND VENUE

5. The Federal Deposit Insurance Corporation is an instrumentality of the United States and is organized and exists under the laws of the United States. 12 U.S.C. §§ 1811, 1821(d). Pursuant to 12 U.S.C. § 1821(d)(2), FDIC-R succeeded to all rights, titles, powers, and privileges of WaMu and of any stockholder, member,

account holder, depositor, officer, or director of WaMu with respect to the bank and its assets. FDIC-R brings this action in its capacity as the duly appointed receiver of WaMu, which the Office of Thrift Supervision closed on September 25, 2008, appointing FDIC as Receiver for WaMu that same day.

6. AFN is a California corporation with its principal place of business in Brea, California, and is registered and licensed to do business in California.

7. This Court has subject-matter jurisdiction pursuant to 12 U.S.C. § 1819(b)(1) and (2) and 28 U.S.C. §§ 1331 and 1345.

8. Venue is proper in this district pursuant to 28 U.S.C § 1391 because Defendant resides in this district.

## FACTUAL ALLEGATIONS

9. WaMu was a federal savings bank that, directly or through affiliates and/or subsidiaries, among other things, purchased, funded, and sold mortgage loans to investment trusts that packaged loans into securities for investors, which are generally known as residential mortgage-backed securities.

10. On information and belief, AFN engaged in the business of brokering, originating, processing, packaging, submitting for funding, selling and/or transferring loans secured by real property.

**A. AFN's Contractual Obligations**

11. AFN and WaMu had a contractual business relationship, governed by one or more mortgage broker agreements including a Mortgage Broker Agreement entered into on June 16, 2005 ("MBA"). A copy of the MBA is attached as Exhibit 1.

12. Under the MBA, AFN agreed to "submit to [WaMu] only those Application Packages which are for types of loans and on terms and conditions offered by Lender at the time of submission and which otherwise [met] all the requirements for complete applications as provided in the Broker Guide."

13. The MBA provided that AFN was responsible for, among other things, interacting directly with and interviewing the borrower, counseling and assisting the borrower in the financing process, collecting relevant information and documentation in support of the loan application, preparing the loan application and submission package, and submitting the completed loan package to WaMu. AFN was compensated for any loans funded by WaMu.

14. Under the MBA, AFN acknowledged liability for any "Event of Default" and expressly agreed to indemnify WaMu as follows:

> [AFN] agrees to indemnify, hold harmless, and defend [WaMu], its directors, officers and employees, agents, successors and assigns [WaMu] *from and against any and all losses*, claims, demands, damages, expenses or costs (including, but not limited to, reasonable attorneys' fees and costs incurred by [WaMu], with or without suit) *which in any way arise out of or relate to an alleged act or omission of [AFN]* or any of its directors, officers, employees or agents *in connection with an Applicant, an Application Package, a Mortgage Loan, or this Agreement*." [Emphasis added.]

**B. The AFN Defective Loans**

15. As noted above and set forth in more detail below, the Trustee asserted claims against FDIC-R based on WaMu's sale of defective loans into the RMBS Trusts, including the AFN Defective Loans. As a result, FDIC-R incurred losses in connection with the AFN Defective Loans.

16. Pursuant to the MBA, AFN brokered the 17 AFN Defective Loans summarized on Exhibit 2 attached hereto.

17. The AFN Defective Loans were not on "terms and conditions" offered by WaMu and failed to meet "all the requirements for complete applications" because of misrepresentations in the application materials, including but not limited to misrepresentations relating to the quality and characteristics of the loans, the borrowers, and the collateral.

18. As an example, the loan documents for borrower ML contained numerous deficiencies and material misrepresentations. AFN prepared and submitted a loan application representing that ML was self-employed, earning $10,700 per month. However, ML was not self-employed, and ML earned only $2,200 per month. The tax preparer letter AFN submitted to verify ML's self-employment was falsified. Several of the loans at issue in this suit were submitted by the same AFN loan officer and contained misrepresented verifications of self-employment from the same tax preparer. In addition, the verification of rent AFN provided was invalid because it was not signed by an independent third-party. As another example, AFN prepared and submitted a loan application representing that borrower JM was self-employed earning $9,775 per month. However, JM was not self-employed, and in fact earned only $34,454 annually (the equivalent of only $2,871 per month) for the relevant year.

**C. WaMu Sale of the AFN Defective Loans to the RMBS Trusts**

19. After WaMu funded the AFN Defective Loans, WaMu sold each of them to the RMBS Trusts.

20. In connection with such sales, and in reliance on the materials, representations, obligations, and remedies AFN provided, WaMu provided similar representations, obligations, and remedies to the RMBS Trusts as those made by AFN regarding the quality and characteristics of the loans, the borrowers, and the collateral.

21. The RMBS Trusts suffered losses resulting from defective loans that WaMu sold to the RMBS Trusts, including the AFN Defective Loans.

**D. FDIC-R's Settlement with Trustee**

22. On December 30, 2008, Trustee filed a proof of claim with FDIC-R asserting that WaMu sold the RMBS Trusts defective loans. On August 26, 2009, Trustee filed a lawsuit in the District Court for the District of Columbia against

FDIC-R for losses resulting from defective loans that WaMu sold to the RMBS Trusts, including the AFN Defective Loans.

23. FDIC-R was liable for the losses due to breaches of WaMu's representations and obligations concerning the quality and characteristics of the loans, the borrowers, and the collateral on certain loans sold into the RMBS Trusts, which loans included the AFN Defective Loans. Given AFN's role and conduct in connection with the AFN Defective Loans, including AFN's relationship to the borrowers and that the loan information, documentation, and application packages were prepared, gathered, and submitted by AFN, FDIC-R's liability exposure to the Trustee arose out of or related to alleged acts and omissions of AFN.

24. FDIC-R defended the Trustee's lawsuit and eventually settled with the Trustee.

25. On June 30, 2017, the Superior Court of the State of California approved FDIC-R's payment of more than $3 billion to settle Trustee's claims, including claims arising out of or relating to the AFN Defective Loans. Settlement of the Trustee's claims for that court-approved amount was objectively reasonable. On September 8, 2017, FDIC-R issued a $3,006,929,660 Receivership Certificate in settlement of Trustee's claims, thereby suffering a loss under the MBA indemnification provision. FDIC-R's claims are timely because they are brought within six years of the date FDIC-R suffered a loss. 12 U.S.C. § 1821(d)(14).

**E. AFN's Breach of the Indemnification Obligation**

26. On May 12, 2021, FDIC-R sent a demand letter to AFN seeking indemnification for its losses arising out of AFN's acts and omissions in connection with the AFN Defective Loans. AFN has not honored its obligation to indemnify under the MBA.

27. The MBA provides that the prevailing party in any action to enforce it may recover its reasonable attorneys' fees, including fees for in-house counsel. In order to enforce AFN's obligations under the MBA, FDIC-R has retained the firm of

Mortgage Recovery Law Group, LLP and agreed to pay it reasonable attorneys' fees. In addition, FDIC-R has assigned in-house counsel to assist in actively preparing to bring this case to trial.

28. All conditions precedent to the relief sought in this action have been fulfilled.

## CLAIM FOR RELIEF

### (Contractual Indemnification)

29. Plaintiff FDIC-R incorporates by reference the allegations set forth above as though set forth fully herein.

30. The MBA is a valid and enforceable contract.

31. Plaintiff substantially performed all its obligations under the MBA.

32. In connection with settlement of the claims involving the AFN Defective Loans, FDIC-R incurred substantial losses and damages arising from and related to AFN's alleged acts or omissions.

33. FDIC-R is entitled to indemnification from AFN for the losses FDIC-R suffered settling the Trustee's claims.

34. AFN breached its obligation to indemnify FDIC-R, resulting in damage to FDIC-R in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FDIC-R respectfully requests that it be granted:

A. A judgment against AFN in an amount to be proven at trial for its breach of its indemnification obligation;

B. Pre-judgment interest under 12 U.S.C. § 1821(l) or applicable state law;

C. Reasonable attorneys' fees;

D. Costs and expenses; and

E. Any other relief as the Court deems just and proper.

| | | |
|---|---|---|
| 1 | DATED: February 22, 2022 | MORTGAGE RECOVERY LAW GROUP, LLP |
| 2 | | |
| 3 | | By:   /s/ Paul A. Levin |
| 4 | | Paul A. Levin |
| 5 | | Attorneys for Plaintiff Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank |
| 6 | | |
| 7 | DATED: February 22, 2022 | FEDERAL DEPOSIT INSUARNCE CORPORATION |
| 8 | | |
| 9 | | |
| 10 | | By:   /s/ John Stuart Tonkinson |
| 11 | | John Stuart Tonkinson (to seek admission pro hac vice) |
| 12 | | Attorneys for Plaintiff Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank |
| 13 | | |